IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLA S.,[1]

           Plaintiff,

     v.

ANDREW M. SAUL, Commissioner of Social Security,

           Defendant.

Case No. 6:19-cv-01010-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

     Carla S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The only issue in dispute on appeal is whether the Court should remand this case for further proceedings or an award of benefits. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court grants in

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

part the Commissioner's motion to remand (ECF No. 21), and remands this case for an award of benefits.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Born in February 1975, Plaintiff was forty-one years old on February 24, 2016, the date of her SSI application. (Tr. 173-78.) Plaintiff completed the twelfth grade and has past work experience as a cleaner and housekeeper in a nursing home. (Tr. 193-94.) In her SSI application, Plaintiff alleges disability due to multiple conditions including asthma, post-traumatic stress

disorder, brachial plexus dysfunction, attention deficit hyperactivity disorder, mental disability, panic attacks, insomnia, edema, vertigo, hearing loss, dysthymia, and hyperthyroidism. (Tr. 192.)

The Commissioner denied Plaintiff's SSI application initially and upon reconsideration. (Tr. 88, 107-11.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on May 2, 2018. (Tr. 40-69.) On August 3, 2018, the ALJ issued a written decision denying Plaintiff's SSI application. (Tr. 12-33.) Plaintiff now seeks judicial review of that decision.

## II.   THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant

PAGE 3 – OPINION AND ORDER

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

**III.    THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 12-33.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 24, 2016, her application date. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: hearing loss, carpal tunnel syndrome, right-sided brachial neuritis, attention deficit hyperactivity disorder, generalized anxiety disorder, panic disorder, and borderline personality disorder with dependent traits. (*Id.*)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 18.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> [Plaintiff] can occasionally climb ladders, ropes, and scaffolds. She can frequently, but not constantly, reach overhead with the right dominant upper extremity. She can frequently, but not constantly, handle and finger with the right dominant upper extremity. She can tolerate no exposure to loud noises (as defined in Appendix D, Selected Characteristics of Occupations, 1993 ed.). She cannot perform job duties that require detection or discernment of quiet sounds (i.e., no telephone). She can tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery. She can perform simple, routine tasks, and can tolerate occasional contact with supervisors and coworkers. She cannot engage in team-based work. She cannot tolerate contact with the general public. She can tolerate occasional changes to work procedures or processes.

(Tr. 19.) At step four, the ALJ concluded that Plaintiff was unable to perform her past work as a cleaner/hospital housekeeper. (Tr. 27.) At step five, the ALJ determined that Plaintiff could

perform a significant number of jobs in the national economy, including photocopy machine operator, collator operator, and inserting machine operator. (Tr. 28.) The ALJ therefore concluded that Plaintiff was not disabled. (*Id.*)

## DISCUSSION

The only issue in dispute is whether the Court should remand for further proceedings or an award of benefits. As explained below, the Court remands for an award of benefits because Plaintiff satisfies the credit-as-true standard and the Court does not have serious doubt about whether Plaintiff is disabled.

### I.     APPLICABLE LAW

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The credit-as-true standard is met if the following conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020 (citations omitted).

Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

PAGE 5 – OPINION AND ORDER

## II. ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to provide legally sufficient reasons for rejecting the medical opinions of Claudia Lake, Ph.D., Paul Stoltzfus, Psy.D., Irmgard Friedburg, Ph.D., and Ben Kessler, Psy.D.; (2) rejecting her subjective symptom testimony; and (3) rejecting the lay witness statements. The Commissioner acknowledges that the ALJ did not properly address or evaluate significant portions of the medical opinion evidence, and that therefore remand is appropriate. (Def.'s Br. at 3-8.) Specifically, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Drs. Lake, Stoltzfus, Friedburg, and Kessler that Plaintiff would have extreme difficulty with coworkers and male supervisors. (Tr. 83-84, 103, 373, 397-98.) Because the ALJ failed to provide legally sufficient reasons for rejecting these limitations, Plaintiff has satisfied part two of the credit-as-true standard.

Despite the ALJ's errors, the Commissioner argues that remand for benefits is not appropriate because there remain unresolved issues requiring further development of the record. The Court disagrees. The parties agree that the ALJ improperly rejected the opinions of Drs. Friedburg and Kessler. Both doctors opined that Plaintiff would have difficulty working in coordination with others, especially men, and would have significant difficulty working for a male supervisor. (Tr. 83-84, 103.) At the administrative hearing, the vocational expert testified that this limitation would preclude substantial gainful activity, because there is "no way" that Plaintiff could choose her supervisor's gender in a competitive employment environment. (Tr. 65-66.) Thus, when the improperly rejected medical evidence is credited as true, a finding of disability is required here, and any further administrative proceedings would serve no useful purpose.

While the Commissioner argues that application of the credit-as-true doctrine is inappropriate because the record creates "serious doubt" as to whether Plaintiff is disabled, he

PAGE 6 – OPINION AND ORDER

points to no evidence that undermines or contradicts the improperly discredited medical opinions regarding Plaintiff's gender-based social limitations. The Court finds that the record does not create any serious doubt as to whether Plaintiff is disabled.

Plaintiff has satisfied the three prongs of the credit-as-true doctrine, and therefore the Court remands this case for an award of benefits. See *Varela v. Saul*, --- F. App'x --- , 2020 WL 5757587, at *1 (9th Cir. Sept. 28, 2020) (reversing district court opinion remanding for further proceedings and instead remanding with instructions to "remand to the Commissioner of Social Security for an award of benefits" where "crediting [the treating physician's] opinion as true, there is no doubt that [the claimant] was disabled"); *Weirick v. Saul*, --- F. App'x --- , 2020 WL 5362091, at *2 (9th Cir. Sept. 8, 2020) (reversing district court opinion affirming the denial of benefits and instead remanding "with instructions to remand to the ALJ for calculation and award of benefits" where "the vocational expert's testimony establishes that if the improperly discredited opinions of the treating physicians were credited as true, there would be no jobs in the national economy that she could perform and 'the ALJ would be required to find the claimant disabled on remand'" (citing *Garrison*, 759 F.3d at 1020)); *Smith v. Saul*, 820 F. App'x 582, 586 (9th Cir. 2020) (reversing district court opinion affirming the denial of benefits and instead remanding "with instructions to remand to the ALJ for calculation and award of benefits" where "[t]he vocational expert concluded that an individual with [the claimant's] limitations, as described in the improperly discredited testimony of [the treating psychologist], the lay witnesses, and [the claimant], would be unable to perform competitive employment").

///

///

///

PAGE 7 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART the Commissioner's motion to remand (ECF No. 21), and remands this case for an immediate award of benefits.

**IT IS SO ORDERED.**

DATED this 14th day of October, 2020.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge